## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**TERRY SMITH**                                                                    **PLAINTIFF**

**V.**                                                 **CIVIL ACTION NO. 5:14-CV-56-KS-MTP**

**NORTHERN INSURANCE COMPANY**
**OF NEW YORK**                                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendant's Motion for Summary

Judgment [4].

### I. BACKGROUND

In August 2012, Plaintiff sustained a work-related injury. At the time of the

accident, his employer had a workers' compensation policy issued by Defendant. In

January 2013, Plaintiff filed a Petition to Controvert with the Mississippi Workers'

Compensation Commission, seeking workers' compensation benefits. On May 21, 2014,

he filed an Application for Approval of Compromise Settlement [4-1]. Therein, he

requested that the Commission:

> . . . enter an order approving said compromise and settlement as set forth
> above as a full and complete settlement, accord and satisfaction for all
> disability of every kind and nature sustained by your claimant as a result
> of the injury which occurred on or about August 12, 2012, and that said
> payment, when made, shall fully acquit and discharge said employer and
> carrier from any further liability because, arising out of, or in any way
> connected with said accidental injury.

Defendant joined [4-2] the Application, and the Commission granted it [4-3].

After the Commission approved the settlement, Plaintiff deposited the funds [4-

4]. However, Plaintiff declined to execute the release as drafted by Defendant. Before

signing the release, he altered some of its terms [4-5], refusing to release Defendant from any claims except the claim for workers' compensation benefits. A couple of weeks later, he filed this lawsuit [1-1] and alleged that Defendant denied and/or delayed payment of benefits in bad faith.

Defendant filed a Motion for Summary Judgment [4]. It argues that Plaintiff is barred from bringing this suit by the express terms of the parties' settlement. The motion is ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue

2

for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

The question presented by Defendant's Motion for Summary Judgment [4] is whether the parties intended for the settlement to encompass Plaintiff's potential bad faith claims. "[T]he construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally." *Lee v. Hunt*, 631 F.2d 1171, 1173-74 (5th Cir. 1980). "Parties to a settlement must have a meeting of the minds." *Estate of Davis v. O'Neill*, 42 So. 3d 520, 527 (Miss. 2010). Like other contracts, an enforceable settlement agreement generally "consists of an offer, an acceptance of that offer, and consideration." *Id.* "Mississippi law requires that the party claiming benefit from the settlement prove by a preponderance of the evidence that there was a meeting of the minds." *Howard v. TotalFina E & P USA, Inc.*, 899 So. 2d 882, 889 (Miss. 2005).

The parties agree that there was a settlement, but they disagree as to its terms. Mississippi courts employ "a three-tiered approach to contract interpretation." *Tupelo Redevelopment Agency v. Abernathy*, 913 So. 2d 278, 284 (Miss. 2005).

> First, the "four corners" test is applied, wherein the reviewing court looks to the language that the parties used in expressing their agreement. Second, if the court is unable to translate a clear understanding of the parties' intent, the court should apply the discretionary "canons" of contract construction. Finally, if the contract continues to evade clarity as to the parties' intent, the court should consider extrinsic or parol evidence. It is only when the review of a contract reaches this point that prior negotiations, agreements and conversations might be considered in determining the parties' intentions in the construction of the contract.

*Id.* (citations omitted).

The Mississippi Supreme Court does not, however, require strict adherence to

3

this step-by-step approach in all circumstances. *Pursue Energy Corp. v. Perkins*, 558 So. 2d 349, 351 n. 6 (Miss. 1990). The Court need not go through all three steps when addressing a summary judgment motion. *Epperson v. SOUTHBank*, 93 So. 3d 10, 17 (Miss. 2012). "Questions of contract construction and ambiguity are questions of law that are committed to the court . . . ," but "[i]f the reviewing Court finds the terms of the contract to be ambiguous or subject to more than one interpretation, the case must be submitted to the trier of fact, and summary judgment is not appropriate." *Id.* (citations and punctuation omitted).

## A.   *The Application [4-1] Is Ambiguous*

Defendant argues that the language of Plaintiff's Application for Approval of Compromise Settlement [4-1], Defendant's Joinder [4-2], and the Commission's subsequent Order [4-3] provide a clear understanding of the parties' intent.[1] When interpreting a contract, the Court must "read the contract as a *whole*, so as to give effect to all of its clauses." *Facilities, Inc. v. Rogers-Usry Chevrolet, Inc.*, 908 So. 2d 107, 111 (Miss. 2005) (citation omitted). A contract is ambiguous "if a careful reading of the instrument reveals it to be less than clear, definite, explicit, harmonious in all its provisions, and free from ambiguity throughout . . . ." *Barnett v. Getty Oil Co.*, 266 So.

---

[1]Typically, the *release* is the focus of cases like this. *See, e.g. Ward v. Royal Ins. Co. of Am.*, 662 F. Supp. 1079 (S.D. Miss. 1986); *Brady v. Travelers Indem. Co.*, No. 2:12-CV-245-KS-MTP, 2014 U.S. Dist. LEXIS 23703 (S.D. Miss. Feb. 25, 2014). The Court questions whether the Application [4-1], Joinder [4-2], and Order [4-3] constitute a written settlement agreement among the parties, and Defendant has not cited any authority to that effect. Nevertheless, in addressing the present motion, the Court will assume that they constitute the complete written agreement of the parties.

2d 581, 586 (Miss. 1972). "[C]ontractual provisions are ambiguous where they are susceptible of two or more reasonable interpretations, or where one provision is in direct conflict with another provision, or where terms are unclear or of doubtful meaning." *Reece v. State Farm Fire & Cas. Co.*, 684 F. Supp. 140, 143 (N.D. Miss. 1987).

Examining the Application [4-1] as a whole, the Court finds that it is ambiguous as to the scope of the settlement. For example, the third page of the Application [4-1] provides, in relevant part: "In order to compromise and finally settle the disagreement as to the extent of disability suffered by [Plaintiff], [Defendant] offered to pay [Plaintiff] the sum of $45,000.00, . . . in complete settlement of all claims of every kind and nature arising out of or in any way related to this claim or those injuries or conditions alleged herein." This provision is ambiguous because it is unclear whether Defendant made a settlement offer "to compromise and finally settle the disagreement as to the extent of disability suffered by" Plaintiff, or to settle "all claims of every kind and nature arising out of or in any way related to this claim or those injuries or conditions alleged herein."

On the fourth page [4-1] of the Application, the parties provided that "it would be to the best interest of [Plaintiff] for the Commission to allow [Defendant] to settle and compromise said differences herein . . . and to allow said payment to be made in full discharge of all responsibility of [Defendant] under the terms of the Mississippi Workers' Compensation Act, or otherwise." The only "differences" addressed within the Application [4-1] pertain to the amount of workers' compensation benefits owed to

Plaintiff. This provision is ambiguous because it is unclear whether the parties intended the settlement to address that issue alone, or to "discharge . . . all responsibility of" Defendant.

> Plaintiff finally requested that the Commission:

> . . . enter an order approving said compromise and settlement as set forth above as a full and complete settlement, accord and satisfaction for all disability of every kind and nature sustained by [Plaintiff] as a result of the injury which occurred on or about August 12, 2012, and that said payment, when made, shall fully acquit and discharge [Defendant] from any further liability because of, arising out of, or in any way connected with said accidental injury.

In briefing, Defendant emphasized the latter portion of this sentence, arguing that its payment discharges "any further liability because of, arising out of, or in any way connected with said accidental injury." However, Defendant failed to address the beginning of the sentence, in which Plaintiff asks the Commission to approve a settlement "for all disability of every kind and nature sustained by your claimant as a result of the injury with occurred on or about August 12, 2012 . . . ." While Plaintiff's bad faith claims are arguably "connected with" his work-related injury, they are not the "result of the injury . . . ." *See Williams v. Liberty Mut. Ins. Co.*, 741 F.3d 617, 622 (5th Cir. 2014) (claim of bad faith denial of benefits does not arise out of work-related injury or the Workers' Compensation Act).

The sections of the Application [4-1] quoted above contain inconsistencies that create ambiguity as to the intended scope of the parties' settlement. *Barnett*, 266 So. 2d at 586 (contract must be harmonious in all provisions); *Reece*, 684 F. Supp. at 143 (contract is ambiguous where one provision conflicts with another). Accordingly, the

Court finds that the Application [4-1] is ambiguous, and "the case must be submitted to the trier of fact . . . ." *Epperson*, 93 So. 3d at 17; *see also Bogy v. Ford Motor Co.*, 824 F. Supp. 2d 733, 739 (S.D. Miss. 2011); *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 752 (Miss. 2003).[2]

## B.   *Accord and Satisfaction*

Defendant also argues that the affirmative defense of accord and satisfaction applies.

> With respect to accord and satisfaction, Mississippi law sets forth four elements: (1) something of value offered in full satisfaction of a demand; (2) accompanied by acts and declarations as amount to a condition that if the thing is accepted, it is accepted in satisfaction; (3) the party offered the thing of value is bound to understand that if he takes it, he takes subject to conditions; and (4) the party actually does accept the item.

*Waggoner v. Williamson*, 8 So. 3d 147, 156 (Miss. 2009) (punctuation omitted). An accord and satisfaction "must have all the essentials of a contract and may be express, or implied from the circumstances." *Royer Homes*, 857 So. 2d at 754. "As clearly indicated by the first three elements of a valid accord and satisfaction, there must be

---

[2]The Court also notes that, having found the purported contract to be ambiguous, it may consider parol evidence. *Abernathy*, 913 So. 2d at 284. Plaintiff provided evidence [8-4] that his counsel specified on April 23 and 28, 2014 – almost a month before the Application [4-1] was filed – that Plaintiff sought a "9i settlement," which refers to Section 9i of the Mississippi Workers' Compensation Act. Section 9i provides the Commission with discretion to authorize compromise payments "where it is not possible to determine the exact extent of liability" and "when determined to be in the best interest of the injured worker or his dependents . . . ." MISS. CODE ANN. § 71-3-29. Furthermore, the check stub [4-6] indicates that Defendant's payment was for "WC WAGE AND LOSS DISABILITY." This parol evidence casts doubt on Defendant's argument that the parties intended to settle Plaintiff's bad faith claims.

a meeting of the minds of the parties." *Id.* "[A]n obligee may execute a valid accord and satisfaction by cashing checks which were offered as full satisfaction of a demand." *Id.*

It is undisputed that Plaintiff accepted and cashed a settlement check [4-4, 4-6] in satisfaction of a demand. The question is whether Plaintiff demanded workers' compensation benefits alone, or compensation for a broader range of injuries, including potential bad faith claims. For the same reasons provided above, the Court finds that there exists a genuine dispute of material fact as to whether there was a meeting of the minds on this issue, as required for an accord and satisfaction. *Id.*

## IV. CONCLUSION

For the reasons stated above, the Court **denies** Defendant's Motion for Summary Judgment [4].

SO ORDERED AND ADJUDGED this 25th day of November, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE